## Cheatem v. Fallowfield Township

*Lloyd W. Woodward*, for appellants.

WEINER, J., November 7, 1955.—Two of the three auditors for the School District of Fallowfield Township filed their report covering the fiscal year ending July 6, 1955, and surcharged each of the five directors for the expenditure of $600 allegedly made without complying with the provisions of the School Code, to wit, article V, sec. 516.1 of the Act of March 10, 1949, P. L. 30, as amended, 24 PS §5-516.7. The said expenditure was in payment of each of the said directors, except Charles Silbaugh, of the sum of $150 intended to reimburse said directors for their expenses while attending a State meeting of school directors at Harrisburg on December 4, 5 and 6, 1954.

The illegality of the payment, according to these two auditors, was based on the failure of the four directors to file an itemized and verified statement of their expenses, in accordance with the provisions of the section of the School Code referred to above. The basis of the claim against all five is that these same directors, including the said Charles Silbaugh, voted for and authorized the payment as aforesaid without complying with the provision as to itemization and verification.

All five directors have filed an appeal from the surcharge against them, and the matter came before the court for hearing, at which time considerable testi-

mony was taken for and on behalf of appellants and the auditors.

Article VI, sec. 608 of that same School Code, dealing with the liability of school directors for improper school payments, provides as follows:

"Any school director voting for, or any officer approving, a school order for the payment of school funds for any other purpose, or drawn in any other manner, than that provided in this act, shall, together with the surety or sureties on his bond, in addition to the penalty herein provided, be individually liable to the district for the amount thereof: Provided, That on appeal from an auditor's report, it shall be within the discretion of the court having jurisdiction of the matter to sustain or not to sustain a surcharge, where it appears that the appellant or appellants acted honestly and in good faith for the best interests of the school district and where no loss or damage to the school district resulted from the action of such appellant or appellants."

This section of the School Code is a reënactment of section 13 of the Act of May 29, 1931, P. L. 243. This Act of 1931 followed an expression by the Supreme Court of Pennsylvania of its sympathy with school directors surcharged in cases where the district did not suffer any loss from their breach of duty and they did not individually make any profit or gain. In the case of Chester School District's Audit, 301 Pa. 203, at page 214, it was intimated by the court that an amelioration of the law in that regard might properly be sought from the legislature, and it was because of that suggestion that the Act of 1931, supra, was enacted.

No doubt the legislature was impressed by the fact that school directors, serving without remuneration, and who usually are laymen unacquainted with the details of the statutory law, had prior thereto been fre-

quently surcharged because of the failure to comply with requirements of the School Code, even though that failure resulted from ignorance and misunderstanding rather than from any evil or willful intent to evade the law or to obtain some improper advantage for themselves. Be that as it may, it is clear that this amendatory act made a drastic and highly proper change in regard to the liability of the school directors in cases where there was no corrupt motive and where the district did not suffer by reason of what the directors had done.

Thus, it will be seen that the auditors have no discretion and are compelled to surcharge any director for approving an order for the payment of any funds where the requirements of the code have not been implicitly followed. The auditors, therefore, cannot inquire into the good faith of the directors nor into the question as to whether or not the school district sustained any loss or damage as a result of such payments. Nor did this court have such discretion prior to 1931.

However, the School Code now gives to this court the right to make such an inquiry and to exercise its discretion in removing the surcharges if it finds that the directors acted in good faith and that no loss or damage resulted to the school district thereby.

From the testimony in this case, the court is convinced that these directors acted in good faith for the best interests of the school district and that there was no loss or damage to the school district resulting from the action of these appellants. In fact these directors, who attended this meeting, are to be commended for doing so, since such meetings are sponsored by the Commonwealth in the interest of our public school system and indicates a desire on the part of these directors to faithfully carry out the duties of this important office. The court can take judicial notice of the fact

that none of the expense accounts in question include any loss of wages on the part of any of these directors. While it is not necessary to pass on that question at this time, such a loss of wages might properly be included as coming within the spirit of the act authorizing the repayment of the expense incident to the attendance of the school directors at such meetings.

The discretion vested in the court by the provision of the School Code quoted above is not to be exercised in an unreasonable and arbitrary fashion. That here the directors acted honestly and in good faith for the best interests of the Fallowfield Township School District cannot be controverted. That in presenting their claims without itemization or verification they were following the custom or practice that admittedly prevails among the various school districts of our county cannot be denied. While custom or practice does not make law, it certainly has a bearing upon the good faith and honesty of these directors.

The court, therefore, is satisfied that under the discretion vested in it by the School Code as indicated above, the proper exercise of that discretion justified this court in removing the surcharge made in this case and therefore makes the following

### Order

And now, November 7, 1955, the appeal of James Cheathem, Nandor A. Hrutkay, Valentine Cullen, Jr., J. C. Tuman and Charles Silbaugh is sustained; the surcharge made by the auditors is hereby removed and the Fallowfield Township School District is directed to pay the costs of this proceeding.

No findings of fact and conclusions of law have been made in connection with this opinion. If an appeal be taken from this order, upon notification thereof, and if required, the court will prepare and file its findings and conclusions.